**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| THOMAS I. GAGE,<br><br>                        Plaintiff,<br><br>                v.<br><br>NEW JERSEY DEPARTMENT OF<br>ENVIRONMENTAL PROTECTION *et<br>al.*,<br><br>                        Defendants. | Civil Action No. 21-10763 (MAS) (LHG)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on Defendants New Jersey Department of Environmental Protection's (the "Department") and John K. Ruschke's ("Ruschke," and together with the Department, "Defendants") separate Motions to Dismiss pro se Plaintiff Thomas I. Gage's ("Gage") Complaint. (ECF Nos. 4, 5.) Rather than oppose, Gage filed a motion to compel discovery and a motion to amend his Complaint. (ECF Nos. 6, 9.) The Court has carefully considered the parties' submissions and decides the motions without oral argument under Local Civil Rule 78.1. For the reasons below, the Court grants Defendants' Motions.

I.      **BACKGROUND**

This case represents another of the lengthy list of grievances Gage has filed in this District. To date, none have been meritorious.[1] Nevertheless, the Court takes as true all well-pled factual

---

[1] The extensive list includes at least seventeen actions before seven judges in this District and nine unsuccessful appeals to the U.S. Court of Appeals for the Third Circuit:

*(footnote continued)*

---

(1) *Gage v. Township of Warren*, No. 09-519 (D.N.J. June 10, 2009) (Wolfson, J.) (dismissed for failure of pleading);

(2) *Gage v. New Jersey*, No. 10-2603 (D.N.J. June 11, 2010) (Wolfson, J.) (dismissed for failure of pleading), *aff'd*, 408 F. App'x 622 (3d Cir.);

(3) *Gage v. Wells Fargo Bank*, No. 11-862 (D.N.J. Mar. 5, 2012) (Wolfson, J.) (dismissed for, among other reasons, qualified immunity), *aff'd*, 521 F. App'x 49 (3d Cir. 2013);

(4) *Gage v. Warren Twp. Comm. & Planning Bd. Members*, No. 11-1501 (D.N.J. Nov. 29, 2011) (Wolfson, J.) (dismissed for, among other reasons, res judicata and judicial immunity), *aff'd*, 463 F. App'x 68 (3d Cir. 2012);

(5) *Gage v. Wells Fargo Bank*, No. 12-777 (D.N.J. July 9, 2013) (Wolfson, J.) (dismissed for, among other reasons, res judicata and imposing preclusion order), *aff'd*, 555 F. App'x 148 (3d Cir. 2014);

(6) *Gage v. Kumpf*, No. 12-2620 (D.N.J. Nov. 15, 2012) (Wolfson, J.) (dismissed for, among other reasons, res judicata and imposing preclusion order);

(7) *Gage v. Provenzano*, No. 13-2256 (D.N.J. Dec. 13, 2013) (Wolfson, J.) (dismissed for, among other reasons, res judicata and judicial immunity and imposing preclusion order), *aff'd*, 571 F. App'x 111 (3d Cir. 2014);

(8) *Gage v. Miller*, No. 13-6985 (D.N.J. May 6, 2014) (Wolfson, J.) (dismissed for, among other reasons, judicial immunity and imposing preclusion order);

(9) *Gage v. Christie*, No. 14-2587 (D.N.J. May 6, 2014) (Wolfson, J.) (dismissed for violating preclusion order);

(10) *Gage v. Provenzano*, No. 14-5700 (D.N.J. Sept. 21, 2016) (Linares, J.) (dismissed for, among other reasons, res judicata);

(11) *Gage v. N.J. Gov. Chris Christie's Admin.*, No. 15-6964 (D.N.J. Sept. 24, 2015) (Kugler, J.) (dismissed with prejudice for violating preclusion order and judicial immunity), *aff'd*, No. 15-3382 (3d Cir. Jan. 8, 2016);

(12) *Gage v. N.J. Office of Att'y Gen.*, No. 16-2790 (D.N.J. Oct. 17, 2016) (Linares, J.) (dismissed for, among other reasons, immunity);

(13) *Gage v. Somerset County*, No. 16-3119 (D.N.J. Dec. 19, 2017) (Martinotti, J.) (dismissed with prejudice for want of jurisdiction), *aff'd*, No. 17-1303 (3d Cir. May 26, 2017);

(14) *Gage v. Somerset County*, No. 19-9097 (D.N.J. Sept. 15, 2020) (Shipp, J.) (dismissed for insufficient service), *appeal dismissed*, No. 20-1110 (3d Cir. June 4, 2020);

*(footnote continued)*

allegations in Gage's Complaint. *See Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)).

Although difficult to parse, Gage's Complaint appears to allege a disagreement with certain findings made by Defendants. Those findings relate to a lot Gage purchased in Hopatcong sometime in late 2019. (Compl. ¶ 19, ECF No. 1.) After acquiring the lot Gage applied for a "Land Use Application for a minor development," presumably to develop the land. (*See id.* ¶ 33; Ruschke's Moving Br. 3, ECF No. 5-1 (noting that Gage's application sought variances to construct a single-family home).) A private engineer serving as Hopatcong's Borough Engineer and Land Use Board Engineer, Ruschke, reviewed Gage's application and determined that it failed to address certain municipal codes regarding wetlands and critical areas. (Ruschke's Moving Br. 6-8.) After unsuccessfully amending his application, Gage requested a completeness hearing with the Hopatcong Land Use Board (the "Board"). (*Id.*) The Board determined that it would only approve Gage's application if he could provide a letter from the Department showing that any land developments would not disturb protected wetlands. (*See* Compl. ¶ 41.) To that end, the Department issued a letter of interpretation determining that "State open waters, freshwater wetlands and their associated transition areas are present on and adjacent to the referenced property." (*Id.* ¶ 48 (emphasis omitted).) Gage did not appeal this determination.

Instead, Gage sued the Department and Ruschke. (*See generally* Compl.) In essence, Gage's Complaint alleges that both Ruschke and the Department got it wrong. (*See id.* ¶ 22

(15) *Gage v. State of New Jersey*, No. 19-9098 (D.N.J. Dec. 30, 2019) (Shipp, J.) (dismissed for violating preclusion order), *aff'd*, No. 20-1075 (3d Cir. Oct. 8, 2020);

(16) *Gage v. Preferred Contractors Ins. Co.*, No. 19-20396 (D.N.J. Jan. 7, 2022) (Shipp, J.) (dismissed with prejudice for failure of pleading); and

(17) *Gage v. Lynch*, No. 20-16236 (D.N.J. Nov. 12, 2020) (Arleo, J.) (still pending).

(alleging that no critical areas or wetlands exist on the lot).) Citing Gage's numerous lawsuits, the Complaint also asserts a breathtaking conspiracy among several government officials to deprive Gage of his "person, property[,] and business activity." (*Id.* ¶ 18.) The Complaint asserts eleven causes of action (none bear repeating here) and requests compensatory and punitive damages. (*See id.* ¶¶ 55-166 & Prayer for Relief.)

## II.   **LEGAL STANDARD**

### A.   **Rule 12(b)(1) Standard**

At any time, a defendant may move to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1). Fed. R. Civ. P. 12(b)(1), (h)(3). "A motion to dismiss . . . for lack of subject matter jurisdiction made prior to the filing of the defendant's answer is a facial challenge to the complaint." *Bennett v. City of Atl. City*, 288 F. Supp. 2d 675, 678 (D.N.J. 2003) (citations omitted). "A facial 12(b)(1) challenge, which attacks the complaint on its face without contesting its alleged facts, is like a 12(b)(6) motion in requiring the court to consider the allegations of the complaint as true." *Hartig Drug Co. v. Senju Pharm. Co.*, 836 F.3d 261, 268 (3d Cir. 2016) (internal quotation marks and citation omitted). The Third Circuit has "repeatedly cautioned against allowing a Rule 12(b)(1) motion . . . to be turned into an attack on the merits." *Id.* at 272 n.14.

### B.   **Rule 12(b)(6) Standard**

When deciding a motion to dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 231. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Importantly, on a Rule

12(b)(6) motion to dismiss, "the defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . . ." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nonetheless, "a litigant is not absolved from complying with *Twombly* and the federal pleading requirements merely because [he] proceeds pro se." *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010) (citation omitted). Thus, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

## III.   DISCUSSION

Before the Court are twin Motions to Dismiss from the Department and Ruschke. The Court addresses each in turn.

### A.   The Court Grants the Department's Motion to Dismiss.

The Department argues that the Court lacks subject matter jurisdiction to hear this dispute under the Eleventh Amendment. The Court agrees. Under that Amendment, private parties cannot sue states in federal court. *See MCI Telecomm. Corp. v. Bell Atl. Pa.*, 271 F.3d 491, 503 (3d Cir. 2001). "This immunity extends to state agencies and departments." *Id.* (citing *C.H. ex rel. Z.H. v. Oliva*, 226 F.3d 198, 201 (3d Cir. 2000) (en banc)); *see also Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) ("It is clear, of course, that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment."). Further, although the Supreme Court has carved out narrow exceptions to the Eleventh Amendment, Gage's Complaint fails to allege any of those exceptions, and the Court is not aware of any that could confer jurisdiction. *See, e.g., Mierzwa v. United States*, 282 F. App'x 973, 976 (3d Cir. 2008) ("The State of New Jersey has not waived its sovereign

immunity with respect to § 1983 claims in federal court."). Thus, Gage's Complaint cannot reach the Department.

### B.    The Court Grants Ruschke's Motion to Dismiss.

Ruschke argues that Gage's Complaint must fail because his challenge is unripe and because Ruschke enjoys qualified immunity. Because ripeness is jurisdictional, the Court begins its analysis there. *Kyle-Labell v. Selective Serv. Sys.*, 364 F. Supp. 3d 394, 401 (D.N.J. 2019) (citing *NE Hub Partners, L.P. v. CNG Transmission Corp.*, 239 F.3d 333, 341 (3d Cir. 2001)). Ruschke argues that this case is unripe because the Board reached a conditional and nonfinal approval, thereby rendering Ruschke's actions premature for adjudication. (*See* Ruschke's Moving Br. 14.) In support of this ripeness theory, Ruschke relies on Supreme Court precedent cautioning courts from adjudicating disputes arising from zoning boards that have not been fully exhausted at the municipal level. *See MacDonald, Sommer & Frates v. Yolo County*, 477 U.S. 340, 348 (1986) ("It follows . . . that an essential prerequisite to its assertion is a final and authoritative determination of the type and intensity of development legally permitted on the subject property."); *Williamson Cnty. Reg'l Plan. Comm'n v. Hamilton Bank*, 473 U.S. 172, 191 (1985) (reasoning that takings claims cannot be adjudicated until "the administrative agency has arrived at a final, definitive position regarding how it will apply the regulations at issue to the particular land in question"), *overruled by Knick v. Township of Scott*, 139 S. Ct. 2162 (2019). At this early stage, however, the Court finds that it has jurisdiction. Ruschke cites to no case law showing that the Supreme Court's logic extends past zoning boards to include municipal engineers. Nor is the Court aware of any such precedent. *Cf. Ethan Michael, Inc. v. Union Township*, 108 F. App'x 43, 47 (3d Cir. 2004) ("[W]hen applying the finality rule, we should not stand on formality." (citing *Lauderbaugh v. Hopewell Township*, 319 F.3d 568, 575 (3d Cir. 2003))). Because the Court need not wade into muddy jurisdictional waters to resolve this case, it rejects Ruschke's ripeness challenge.

The Court, however, agrees that Gage's Complaint fails to allege facts that defeat Ruschke's qualified immunity defense. "Qualified immunity shields individual state officials from liability for damages on account of their performance of discretionary official functions 'insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Dinoia v. Cumbo*, No. 12-3175, 2015 WL 6739114, at *6 (D.N.J. Nov. 4, 2015) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)); *see also Filarsky v. Delia*, 566 U.S. 377, 398 (2012) (Sotomayor, J., concurring) (noting that qualified immunity protects a "private individual work[ing] closely with immune government employees" because "there is a real risk that the individual will be intimidated from performing his duties fully if he, and he alone, may bear the price of liability for collective conduct"). Simply put, liberally construing Gage's Complaint and taking all inferences in his favor, the Complaint alleges that Ruschke engaged in a discretionary official act in reviewing Gage's application. Nowhere does the Complaint allege that Ruschke's conduct violated clearly established constitutional rights. Indeed, it fails to allege any right whatsoever. To the extent the Complaint relies on a conspiracy of unnamed government officials to establish some sort of wrongdoing, the Court rejects those unadorned allegations as conclusory and conjectural.

## IV.    **CONCLUSION**

The Court dismisses Gage's Complaint. It will issue an order consistent with this Memorandum Opinion.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE