UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| THOMAS I. GAGE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>NEW JERSEY DEPARTMENT OF ENVIRONMENTAL PROTECTION *et al.*,<br><br>　　　　　Defendants. | Civil Action No. 21-10763 (MAS) (LHG)<br><br>**MEMORANDUM ORDER** |

　　This matter comes before the Court on pro se Plaintiff Thomas I. Gage's ("Gage") Motion for Reconsideration. (ECF No. 19.) Defendants New Jersey Department of Environmental Protection (the "Department") and John K. Ruschke ("Ruschke," and together with the Department, "Defendants") separately opposed (ECF Nos. 21, 22), and Gage did not reply. The Court has carefully considered the parties' submissions and decides the motion without oral argument under Local Civil Rule 78.1. For the reasons below, the Court denies Gage's Motion.

　　As the parties are no doubt familiar with the facts, the Court begins with the applicable legal standard. Reconsideration under Local Civil Rule 7.1 is "an extraordinary remedy" that is rarely granted. *Interfaith Cmty. Org v. Honeywell Int'l, Inc.*, 215 F. Supp. 2d 482, 507 (D.N.J. 2002) (citations omitted). It requires the moving party to set forth the factual matters or controlling legal authorities it believes the Court overlooked when rendering its decision. *See* L. Civ. R. 7.1(i). To succeed on a motion for reconsideration, a movant must show at least one of three factors: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion [at issue]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*,

176 F.3d 669, 677 (3d Cir. 1999) (citing *N. River Ins. Co. v. CIGNA Reins. Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). Significantly, a motion for reconsideration is not an opportunity to raise new matters or arguments that could have been raised before the court decided the original decision. *See Bowers v. NCAA*, 130 F. Supp. 2d 610, 612-13 (D.N.J. 2001). Nor is a motion for reconsideration an opportunity to "ask the court to rethink what it ha[s] already thought through." *Interfaith Cmty. Org.*, 215 F. Supp. 2d at 507 (alteration in original) (quoting *Oritani Sav. & Loan Ass'n v. Fid. & Deposit Co.*, 744 F. Supp. 1311, 1314 (D.N.J. 1990)). "Rather, the rule permits a reconsideration only when 'dispositive factual matters or controlling decisions of law' were presented to the court but were overlooked." *Id.* (quoting *Khair v. Campbell Soup Co.*, 893 F. Supp. 316, 337 (D.N.J. 1995)).

Gage's Motion identifies none of the three factors required for reconsideration. For example, it does not identify any new controlling law or any injustice in ruling that the Department enjoyed sovereign immunity. Nor does it identify any clearly established law that the Court overlooked when ruling that Ruschke was entitled to qualified immunity. Instead, Gage's Motion relitigates his factual position that he was not developing improvements on protected wetlands. *But see Dunkley v. Mellon Invs. Servs.*, 378 F. App'x 169, 172 (3d Cir. 2010) ("A motion for reconsideration cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." (internal quotation marks and citation omitted)). None of Gage's arguments persuade the Court that its immunity rulings—which rested

on *legal* grounds—were in error. And, in all events, Gage has not met his high burden to merit the "extraordinary remedy" of reconsideration.[1]

**IT IS THEREFORE**, on this 27th day of September 2022, **ORDERED** as follows:

1. Gage's Motion for Reconsideration (ECF No. 19) is **DENIED**.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

---

[1] Ruschke also moves for sanctions. (ECF No. 22.) Although the Court agrees that it may impose sanctions on pro se plaintiffs who use the judiciary as their "personal playground," it declines to exercise that discretion here. *See Smith v. Cont'l Ins. Corp.*, 747 F. Supp. 275, 285 (D.N.J. 1990). It does, however, warn Gage that any future frivolous filings may be met with *sua sponte* sanctions, including payment of opposing counsels' fees. *See* Fed. R. Civ. P. 11(c)(3).